**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MANUEL ANTONIO CASAS-GARCIA,
A# 022-792-043,**

    Petitioner,

vs.                                                          Case No. 4:18cv29-RH/CAS

**JEFF SESSIONS, et al.,**

    Respondents.
_____/

**ORDER and REPORT AND RECOMMENDATION**

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 16, 2018. ECF No. 1. Petitioner is a native and citizen of Cuba who arrived in the United States in 1980 as part of the Mariel Boatlift. ECF No. 1 at 3-5. Petitioner was taken into ICE custody on January 4, 2018, having previously been ordered removed from the United States on May 29, 1998. *Id.* at 3, 4, and 6.[1] Petitioner alleged that ICE was unable to remove him to

---

[1] Petitioner's stated date was not legible. ECF No. 1 at 3, 4, and 6. However, the response has clarified this date. ECF No. 7 at 2.

Cuba and he sought release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Respondents were required to show good cause why the petition should not be granted. ECF No. 4. On March 19, 2018, Respondents filed a response, ECF No. 7, asserting that the petition was prematurely filed and stating that there was "a significant likelihood of removal in the reasonably foreseeable future." Id. at 1-2.

Petitioner was directed to file a reply, if desired, to the response filed by Respondents. ECF No. 8. Petitioner replied by requesting release. ECF No. 9.

Thereafter, Respondents filed a status report which advises that the "Government of Cuba officially denied Petitioner's travel document request on Monday, May 28, 2018." ECF No. 10. On this day, Respondents have filed a motion to dismiss the petition as moot. ECF No. 11. Respondents state that Petitioner was released from confinement at the Wakulla County Detention Facility under an order of supervision on May 29, 2018. Id. at 1-2. Attached to the motion is an exhibit revealing Petitioner was released from detention on May 29, 2018. ECF No. 11-1. Therefore, because Petitioner has been afforded the relief sought in the petition and is no longer in custody, this § 2241 petition should now be dismissed as moot.

Additionally, the motion to dismiss contains a certificate of service indicating the document was provided to Petitioner at his address of release, 115 Columbus Avenue, Campbell, OH 44405.  ECF No. 11 at 4. The Clerk of Court shall forward this Report and Recommendation to Petitioner at that address.  If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

**ORDER**

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at 115 Columbus Avenue, Campbell, OH 44405, and his address of record at the Wakulla County Jail.

**REPORT AND RECOMMENDATION**

In light of Respondents' showing that Petitioner has been released from detention, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 11, be **GRANTED**, and the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.